**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ROBERT SANCHEZ LOPEZ, | No. 13-17165 |
| Plaintiff - Appellant, | D.C. No. 2:12-cv-02511-GMS-LOA |
| v. | |
| CITY OF PHOENIX; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the District of Arizona
G. Murray Snow, District Judge, Presiding

Submitted September 21, 2015[**]

Before:     REINHARDT, LEAVY, and BERZON, Circuit Judges.

Arizona state prisoner Robert Sanchez Lopez appeals pro se from the district

court's judgment dismissing his 42 U.S.C. § 1983 action alleging constitutional

violations in connection with his criminal trial and conviction.  We have

jurisdiction under 28 U.S.C. § 1291.  We review de novo a dismissal under 28

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

U.S.C. § 1915A. *Hamilton v. Brown*, 630 F.3d 889, 892 (9th Cir. 2011). We affirm.

The district court properly dismissed Lopez's action as barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). Success on the merits of his claims would necessarily imply the invalidity of his conviction or sentence, and Lopez failed to allege facts sufficient to show that either has been invalidated. *See Wilkinson v. Dotson*, 544 U.S. 74, 80-82 (2005) (a prisoner's § 1983 action is barred if success "would necessarily demonstrate the invalidity of confinement or its duration[,]" unless "the conviction or sentence has already been invalidated" (citation and internal quotation marks omitted)); *see also Heck*, 512 U.S. at 479, 490 (§ 1983 suit alleging that prosecutors destroyed exculpatory evidence was barred); *Guerrero v. Gates*, 442 F.3d 697, 703 (9th Cir. 2003) (*Heck* barred claim of conspiracy to bring false charges); *Cabrera v. City of Huntington Park*, 159 F.3d 374, 380 (9th Cir. 1998) (per curiam) (*Heck* barred false arrest and false imprisonment claims until conviction was invalidated), *abrogated on other grounds by Wallace v. Kato*, 549 U.S. 384, 397 (2007); *Trimble v. City of Santa Rosa*, 49 F.3d 583, 584-85 (9th Cir. 1995) (per curiam) (Sixth Amendment claim of ineffective assistance of counsel is barred by *Heck*). We construe the district court's dismissal as without prejudice. *See Trimble*, 49 F.3d at 585.

The district court did not abuse its discretion by denying Lopez's request for a stay. Lopez's claim for false arrest was time-barred. *See Wallace*, 549 U.S. at 393-94 (a district court has the power to stay a civil action while related criminal charges are pending); *Yong v. I.N.S.*, 208 F.3d 1116, 1119 (9th Cir. 2000) (standard of review); *see also* Ariz. Rev. Stat. § 12-542 (two-year statute of limitations for personal injury actions); *Wallace*, 549 U.S. at 387-90, 397 (for § 1983 claims, federal courts apply the forum state's personal injury statute of limitations, and the statute of limitations on a false arrest or false imprisonment claim "begins to run at the time the claimant becomes detained pursuant to legal process").

We reject Lopez's arguments concerning tolling.

Because we affirm the dismissal as barred by *Heck*, we do not reach the merits of Lopez's claims.

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009) (per curiam).

**AFFIRMED.**