**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

MAR 21 2016

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| STEVEN R. RODRIGUEZ, | No. 12-15676 |
| Plaintiff - Appellant, | D.C. No. 2:10-cv-00204-GEB-CKD |
| v. | |
| CITY OF STOCKTON; et al., | MEMORANDUM* |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
Garland E. Burrell, Jr., District Judge, Presiding

Submitted March 15, 2016**

Before:    GOODWIN, LEAVY, and CHRISTEN, Circuit Judges.

Steven R. Rodriguez appeals pro se from the district court's judgment

dismissing his 42 U.S.C. § 1983 action alleging that defendants conspired to arrest

and convict him.    We have jurisdiction under 28 U.S.C. § 1291.    We review de

novo a dismissal for failure to state a claim under Federal Rule of Civil Procedure

---

\*    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

\*\*    The panel unanimously concludes this case is suitable for decision without oral argument.    *See* Fed. R. App. P. 34(a)(2).

12(b)(6). *Zadrozny v. Bank of N.Y. Mellon*, 720 F.3d 1163, 1167 (9th Cir. 2013). We may affirm on any basis supported the record. *Johnson v. Riverside Healthcare Sys., LP*, 534 F.3d 1116, 1121 (9th Cir. 2008). We affirm.

The district court properly dismissed Rodriguez's action as *Heck*-barred because success in the action would necessarily imply the invalidity of his criminal conviction, and Rodriguez has failed to allege facts sufficient to show that his conviction has been invalidated. *See Heck v. Humphrey*, 512 U.S. 477, 487 (1994) (if "a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence . . . the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated"); *Guerrero v. Gates,* 442 F.3d 697, 703-04 (9th Cir. 2006) (claim of conspiracy among police officers to bring false charges barred by *Heck*).

To the extent that Rodriguez alleged that defendants retaliated against him for exercising his First Amendment rights, dismissal was proper because Rodriguez failed to allege facts sufficient to show that his prosecution was pursued without probable cause. *See Hartman v. Moore*, 547 U.S. 250, 265-66 (2006) (absence of probable cause must be pleaded and proven to support action against criminal investigators for inducing retaliatory prosecution); *see also Reichle v. Howards*, 132

S. Ct. 2088, 2093 (2012) ("This Court has never recognized a First Amendment right to be free from a retaliatory arrest that is supported by probable cause.").

Rodriguez contends that he was not given the opportunity to object to the magistrate judge's findings and recommendations. However, in his opening brief, Rodriguez has articulated the objections he would have made, and they fail to show that his action is not *Heck*-barred.

We reject Rodriguez's contention that the district court erred by assigning a new magistrate judge to the action.

We do not consider issues or arguments not specifically and distinctly raised and argued in the opening brief. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009) (per curiam).

Appellee's motion to strike, set forth in the answering brief, is denied.

Appellee's motion for judicial notice, filed on October 5, 2015, is granted.

Rodriguez's motions for judicial notice, filed on October 20, 2015, and March 4, 2016, are denied.

**AFFIRMED.**

12-15676