Filed 5/27/22  Silva v. City of Merced CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| HELIODORO A. SILVA,<br><br>Plaintiff and Appellant,<br><br>v.<br><br>CITY OF MERCED,<br><br>Defendant and Respondent. | F082684<br><br>(Super. Ct. No. 20CV-02515)<br><br>**OPINION** |

-ooOoo-

## THE COURT[*]

APPEAL from a judgment of the Superior Court of Merced County.  Timothy W. Salter, Judge.

Heliodoro A. Silva, in pro. per, for Plaintiff and Appellant.

Allen, Glaessner, Hazelwood & Werth, Kevin P. Allen and Lori A. Sebransky, for Defendant and Respondent.

-ooOoo-

---

[*]     Before Smith, Acting P. J., Snauffer, J. and DeSantos, J.

Appellant Heliodoro Silva, an inmate serving two consecutive life terms, filed this civil suit for damages against the City of Merced in connection with his prior criminal case. The civil complaint alleged (1) the prosecutor and investigating detective involved in his prior criminal case, along with a judge who denied his petition for writ of habeas corpus challenging his criminal convictions, wrongfully conspired to secure and uphold his convictions, and (2) the investigating detective discriminated against him by punching him in the stomach to obtain a false confession. The trial court sustained the City of Merced's demurrer without leave to amend. We affirm.

## FACTS AND PROCEEDINGS

On September 2, 2020, plaintiff and appellant, Heliodoro Silva, filed a civil complaint in the Merced County Superior Court against Superior Court Judge Jeanne Schechter, the City of Merced, the County of Merced, a county prosecutor (Matthew Serrato), and a police detective (Sam Sanchez). This appeal concerns the claims against the City of Merced.

Silva stated in the complaint: "The Plaintiff is serving two consecutive life without the possibility of parole sentences for … aiding and abetting two murders, conviction[s] [dated] November 4, 2016." He further noted: "Plaintiff … is actually and factually innocent." (Unnecessary capitalization omitted.) The complaint was filed shortly after Judge Schechter denied, on May 11, 2020, a petition for writ of habeas corpus filed by Silva, challenging his convictions.

The complaint included two causes of action. The first cause of action was for "civil conspiracy." With respect to this cause of action, Silva alleged with reference to his prior convictions, that the prosecutor, investigating detective, and Judge Schechter had conspired to secure and uphold his convictions. He further alleged that, as part of the conspiracy, the investigating detective had punched him in the stomach to coerce him into giving a false confession. Silva also alleged that, as part of the conspiracy, the prosecutor played at his criminal trial, a recording of his confession that omitted evidence

2.

of the detective's coercive tactics. Finally, Silva alleged that Judge Schechter, as part of the conspiracy, declined to issue subpoenas that would have uncovered the unredacted recording of Silva's false confession and denied his petition for writ of habeas corpus challenging his convictions.

The second cause of action was for "discrimination." (Unnecessary capitalization omitted) With reference to this cause of action, Silva contended that the investigating detective on his prior criminal case, "committed an act of violence against him because of his race, national origen [*sic*], citizenship, primary language (which is Spanish)[,] [and] immigration status," in order to "extract [a] false confession out of him."

The complaint premised both causes of action on Article III, Section 5 of the California Constitution; Civil Code sections 51.7 and 52.1 (Bane Act); and 42 United States Code section 1983.

The complaint alleged that the City of Merced was liable for the conduct of Detective Sam Sanchez. The complaint sought damages from all defendants, including the City of Merced.

The case was removed to the United States District Court for the Eastern District of California. The federal district court dismissed all federal claims and remanded the case back to the Merced County Superior Court for adjudication of state law claims only.

The City of Merced filed a demurrer, which the trial court sustained without leave to amend. The trial court found that Silva's state law claims were barred by *Yount v. City of Sacramento* (2008) 43 Cal.4th 885 (*Yount*). The trial court ruled: "Here, there is no dispute that there was (1) a criminal conviction, (2) no dispute that a judgment in favor of Plaintiff would necessarily imply that the prior conviction or sentence was invalid, and (3) the Plaintiff's prior conviction or sentence was not invalidated or terminated in his favor. Accordingly, Plaintiff's claims are barred by *Yount v. City of Sacramento* (2008) 43 Cal.4th 885, 893-894." (Italics added.)

3.

The court further ruled:  "[Since] there is no amendment to the Complaint that can state a cause of action, at least so long as Plaintiff's criminal conviction stands, the demurrer by the City of Merced must be sustained without leave to amend."  (Unnecessary capitalization omitted.)  Finally, the court noted:  "While the demurrer also asserts that the Complaint is barred for failure to allege compliance with the Government Claims Act and is barred by the statute of limitations, the court need not address those claims because the finding that the matter is barred by *Yount v. City of Sacramento* (2008) 43 Cal.4th 885 is dispositive."  (Italics added.)

Judgment was entered in favor of the City of Merced.  This appeal followed.

## DISCUSSION

### *Trial Court Properly Sustained City of Merced's Demurrer to the Complaint and Properly Denied Leave to Amend*

"[T]he trial court's judgment is presumed to be correct, and the appellant has the burden to prove otherwise by presenting legal authority on each point made and factual analysis, supported by appropriate citations to the material facts in the record; otherwise, the argument may be deemed forfeited."  (*Keyes v. Bowen* (2010) 189 Cal.App.4th 647, 655.)  Here, Silva has waived all issues on appeal because he has not properly framed any asserted errors on the part of the trial court or supported his claims with reasoned argument and citations to appropriate legal authorities and the record.  (See *Denham v. Superior Court* (1970) 2 Cal.3d 557, 564 [" 'A judgment or order of the lower court is *presumed correct* … and error must be affirmatively shown.' "]; *Benach v. County of Los Angeles* (2007) 149 Cal.App.4th 836, 852 [when an appellant asserts a point, "but fails to support it with reasoned argument and citations to authority," we treat the point as waived].)  In any event, there is no merit to this appeal.

"When the trial court sustains a demurrer, we review the complaint de novo to determine whether it contains sufficient facts to state a cause of action."  (*Glen Oaks Estates Homeowners Assn. v. Re/Max Premier Properties, Inc*. (2012) 203 Cal.App.4th

4.

913, 918.) " 'While the decision to sustain or overrule a demurrer is a legal ruling subject to de novo review on appeal, the granting of leave to amend involves an exercise of the trial court's discretion. [Citations.] When the trial court sustains a demurrer without leave to amend, we must also consider whether the complaint might state a cause of action if a defect could reasonably be cured by amendment." (*Green Valley Landowners Assn. v. City of Vallejo* (2015) 241 Cal.App.4th 425, 432.) " 'If the plaintiff cannot show an abuse of discretion, the trial court's order sustaining the demurrer without leave to amend must be affirmed.' " (*Ibid*.)

Respondent, City of Merced, argues the trial court properly sustained its demurrer without leave to amend. We agree with respondent and affirm.

*Heck v. Humphrey* (1994) 512 U.S. 477, 486-487 (*Heck*), held that, "when a state prisoner seeks damages in a [title 42 United States Code section 1983] suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." The California Supreme Court aligned *Heck* with California law in *Yount v. Sacramento*, *supra*, 43 Cal.4th at p. 902: "*Heck*, of course, is a rule of federal law that applies only to federal causes of action that challenge the validity of a state conviction. [Citation.] But we cannot think of a reason to distinguish between section 1983 and a state tort claim arising from the same alleged misconduct and, as stated above, the parties offer none."

Borrowing from *Heck*, *Yount* prescribed a three-part analysis for assessing state tort claims raised in connection with prior criminal proceedings. The *Heck/Yount* analysis requires consideration of the following factors: (1) was there an underlying conviction relating to the tort claim; (2) would a judgment in favor of the plaintiff in the tort action necessarily imply the invalidity of the prior conviction; and (3) if so, was the prior conviction or sentence already invalidated or otherwise favorably terminated. (See

5.

*Fetters v. County of Los Angeles* (2016) 243 Cal.App.4th 825, 834-835; *Yount, supra*, 43 Cal.4th at p. 902.)

The City of Merced argues that here, "[a]ll three elements [of the *Heck/Yount* analysis] support the trial court's decision." First, the City of Merced points out that "it is undisputed that Silva possesses a relevant criminal conviction," as the complaint asserts "he is serving back-to-back life sentences for aiding and abetting two murders" and that his "convictions result[ed] from his incident-related confession."

Second, the City of Merced notes: "[I]t is undisputed that success on either of Silva's state-law claims—discrimination or civil conspiracy—would invalidate his convictions. Both are rooted in the same premise: that law enforcement allegedly carried-out an improper incident-related investigation (*e.g.*, punching him to obtain a sham confession), thereby leading to Silva's alleged wrongful arrest and conviction. There is no purported conspiracy or discrimination without Silva's alleged beating and alleged false confession." The City of Merced adds that because Silva's complaint attacks the lawfulness of his confession and the validity of the evidence presented to the jury, success on either of his claims would necessarily imply the invalidity of his convictions.

Third, the City of Merced contends: "[I]t is undisputed that neither of Silva's convictions have been set aside or otherwise invalidated. The Complaint admits his habeas petition was denied … and admits he is currently serving back-to-back life sentences."

Silva, for his part, does not address either *Heck* or *Yount* in his briefs. Nor does Silva make any substantive reference to the trial court's decision other than to observe that "Plaintiff did not [need] to win his criminal case before suing."

We affirm the trial court's decision. (See *Guerrero v. Gates* (9th Cir. 2006) 442 F.3d 697, 703-704 [claim of conspiracy among police officers to bring false charges barred by *Heck*]; *Rodriguez v. City of Stockton* (9th Cir. 2016) 642 F.Appx. 764, [where

6.

plaintiff alleged conspiracy to arrest and convict him, "[t]he district court properly dismissed Rodriguez's action as *Heck*-barred because success in the action would necessarily imply the invalidity of his criminal conviction, and Rodriguez has failed to allege facts sufficient to show that his conviction has been invalidated"]; *Long v. Atl. City Police Dept.* (3d Cir. 2012) 670 F.3d 436, 447 ["Long's complaint seeks the sort of relief that is plainly barred by *Heck* because he seeks § 1983 relief on the ground that the defendants conspired to obtain a capital murder conviction against him, but he has not demonstrated that his conviction has already been invalidated."]; *Lopez v. City of Phoenix* (9th Cir. 2015) 618 Fed.Appx. 326, 327 [where plaintiff alleged constitutional violations vis-à-vis his criminal trial and conviction, the Ninth Circuit affirmed dismissal and found the case *Heck*-barred, since "[s]uccess on the merits of his claims would necessarily imply the invalidity of his conviction or sentence, and [the plaintiff] failed to allege facts sufficient to show that either has been invalidated"].)

## **DISPOSITION**

The judgment is affirmed. Each party to bear its own costs on appeal.